UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.

**CHRISTIAN YNOA,**
*individually and on behalf of all those similarly situated,*

  **Plaintiff,**

v.

**GULF COAST COLLECTION BUREAU, INC.,**

  **Defendant.**

_____/

# CLASS ACTION COMPLAINT

Plaintiff Christian Ynoa ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues the Gulf Coast Collection Bureau, Inc. **("**Defendant") for violating the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C § 1331, as Plaintiff is suing Defendant for violations of the FDCPA, a federal statute.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Kent County, Rhode Island.

3. Venue of this action is proper in this Court because Defendant's principal place of business is in Sarasota County, Florida.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Rhode Island, residing in Kent County, Rhode Island.

5. Defendant is a Florida corporation, with its principal place of business located in Sarasota, Florida.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

7. On or about July 1, 2025, Defendant began attempting to collect an alleged debt (the "Consumer Debt") from Plaintiff.

8. The Consumer Debt is an obligation allegedly due and owed by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Defendant, and Plaintiff (the "Subject Service").

PAGE | **2** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (754) 444-7539 | Fax (855) 529-9540
www.JibraelLaw.com

9. Upon information and belief, the Subject Service was primarily for personal, family, or household purposes.

10. Defendants regularly collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

14. Defendant "Consumer Collection Agency" license number is CCA9902150.

15. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

16. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

17. For example, Defendant does maintain and keep updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

18. Further, Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

19. As such, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

20. As such, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

21. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1). Further, "[i]n the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location." *Id.*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (754) 444-7539 | Fax (855) 529-9540
www.JibraelLaw.com

## COMMUNICATION

22. On or about July 1, 2025, Defendant sent an electronic mail communication to attorney.jeffreylbleich.llc@gmail.com with Plaintiff copied (the "First Communication").

23. Attached as Exhibit "A" is a copy of the Communication.

24. The Communication was a communication in connection with the collection of the Consumer Debt.

25. The Communication was sent from Defendant and delivered to Plaintiff's personal phone number.

26. The Communication advised: "Hello Christian, This is GCCB, a debt collector on behalf of HOLY CROSS EMERGENCY PHYS PA."

27. The Communication was sent by Defendant to Plaintiff at 9:32 PM in Plaintiff's zone.

28. The Communication was received by Plaintiff from Defendant at 9:32 PM in Plaintiff's zone.

## CLASS ALLEGATIONS

### PROPOSED CLASS

29. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action.

30. The "Class" that Plaintiff seeks to represent consists of: **[1]** all persons within the United States **[2]** that Defendant or someone on Defendant's behalf **[3]** sent an electronic communication to **[4]** between 9:00 PM and 8:00 AM **[5]** in connection with the collection of a consumer debt.

31. Defendant and its employees or agents are excluded from the Class.

32. Plaintiff does not know the number of members in the Class but believes the members of the Class number in the several thousands, if not more.

## NUMEROSITY

33. The exact number and identities of the members of the Class are unknown at this time and can be ascertained only through discovery. Identification of the members of the Class is a matter capable of ministerial determination from Defendant's phone number message records.

## COMMON QUESTIONS OF LAW AND FACT

34. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: **[1]** Whether Defendant sent an electronic communication to Plaintiff and members of the Class in connection with the collection of a consumer debt; **[2]** Whether Defendant sent such communication(s) between 9:00 PM and 8:00 AM; and **[3]** Whether Defendant should be enjoined from such conduct in the future.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (754) 444-7539 | Fax (855) 529-9540
www.JibraelLaw.com

35. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends electronic communications that violate 15 U.S.C. § 1692c(a)(1) is accurate, Plaintiff and members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

36. Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

37. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

38. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of

individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

39. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

40. Plaintiff, individually and on behalf of the Class, incorporates by reference ¶¶ 1-39 of this Class Action Complaint.

41. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1). Further, "[i]n the absence of knowledge of circumstances to

the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location." *Id.*

42. As set forth above, Defendant sent the Communication to Plaintiff in connection with the collection of the Consumer Debt. *See* Exhibit A. (the "Electronic Communication"). The Electronic Communication was sent to Plaintiff between the hours of 9:00 PM and 8:00 AM in the time zone of Plaintiff. Defendant did not have the consent of Plaintiff to communicate with Plaintiff between the hours of 9:00 PM and 8:00 AM. As such, by and through the Electronic Communications, Defendant violated Section 1692c(a)(1) of the FDCPA.

43. Defendant's Electronic Communications caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

44. **WHEREFORE**, Plaintiff, individually and on behalf of the Class, requests relief and judgment as follows:

    a. An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

    b. A declaration that Defendant's conduct and/or practices described herein violate 15 U.S.C. § 1692c(a)(1);

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (754) 444-7539 | Fax (855) 529-9540
www.JibraelLaw.com

    c.    Award Plaintiff and members of the Class statutory damages pursuant to 15 U.S.C. § 1692k;

    d.    Enjoin Defendant from future violations of 15 U.S.C. § 1692c(a)(1) with respect to Plaintiff and the Class;

    e.    Award Plaintiff and members of the Class reasonable attorneys' fees and costs, including expert fees, pursuant to 15 U.S.C. § 1692k; and

    f.    Any other relief that this Court deems appropriate under the circumstances.

Dated: October 3, 2025

Respectfully Submitted,

/s/ Mitchell D. Hansen
**MITCHELL D. HANSEN, ESQ.**
Florida Bar No.: 1065929
E-mail: mitchell@jibraellaw.com
*Lead Attorney For Plaintiff*
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: Zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*